Hampton K. O'Neill (5-2876)
Mary A. Bennett (8-7452)
Welborn Sullivan Meck & Tooley, P.C.
159 N. Wolcott, Suite 220
Casper, WY 82601
(307) 234-6907
honeill@wsmtlaw.com
mbennett@wsmtlaw.com
*Counsel for UMIA Insurance, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UMIA INSURANCE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| FOCUS ONE SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

---

### COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

---

COMES NOW, Plaintiff UMIA Insurance, Inc. ("**UMIA**"), by and through its counsel Hampton K O'Neill and Mary A. Bennett of Welborn Sullivan Meck & Tooley, P.C., and brings this *Complaint* against Focus One Solutions, LLC ("**Focus One**"). In support of this *Complaint*, Plaintiff alleges the following:

### NATURE OF COMPLAINT

1.      This is an indemnity action following the resolution of a medical malpractice case – the underlying litigation – originating from the Sixth Judicial District Court in Campbell County, Wyoming.

2.    Campbell County Hospital District d/b/a Campbell County Health ("**CCH**"), an insured of UMIA, was sued as a defendant in the lawsuit entitled *Susan Elsner, Personal Representative of the Estate of Margaret Wilkey, Deceased v. Campbell County Hospital District, d/b/a The Legacy Living and Rehabilitation Center, Campbell County Hospital District, d/b/a Campbell County Health, and John Doe Corporation*, Civil Doc. # 39912, State of Wyoming, Sixth Judicial District Court, in Campbell County, Wyoming (the "**Wilkey Litigation**"). A copy of the *Complaint* in the Wilkey Litigation is attached as **Exhibit "A."**

3.    At trial in the Wilkey Litigation, the Campbell County jury ultimately determined that Crystal Nelisse, a traveling nurse provided to CCH by Focus One Solutions, LLC ("**Focus One**"), and CCH were liable for damages of $660,000. The jury apportioned 25% of the fault to CCH, and 75% of the fault to Nelisse. The jury also found that Nelisse, even though an independent contractor, was an agent of CCH. See the verdict form from the Wilkey Litigation, attached as **Exhibit "B."**

4.    After the verdict, the parties appealed to The Wyoming Supreme Court, which confirmed that CCH was responsible for the acts of Nelisse, who was an agent of CCH. See the Wyoming Supreme Court's April 2, 2025 decision in *Elsner v. Campbell County Hospital District*, 566 P.3d 894, 917 (Wyo. 2025), attached as **Exhibit "C."**

## <u>JURISDICTION, VENUE, & PARTIES</u>

5.    Plaintiff UMIA is a Utah corporation in good standing with its principal place of business in Salt Lake City, Utah.

6.    Defendant Focus One is a Nebraska limited liability company in good standing with its principal place of business in Omaha, Nebraska.

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) and (c). Plaintiff and Defendant are incorporated in different states, and the amount in controversy far exceeds $75,000 exclusive of interest and costs of the suit.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(2) because Focus One's duties to defend and indemnify CCH are situated in this judicial district.

## FACTUAL BACKGROUND

9.      CCH and Focus One Solutions, LLC ("**Focus One**") entered into the Client Agreement (the "**Contract**") on August 31, 2017. See Contract, attached as **Exhibit "D."**

10.     The Contract provided that Focus One would provide CCH with healthcare professionals for temporary staffing. See Contract, Section 2.1.

11.     The Contract also provided that Focus One "shall defend, indemnify, and hold harmless [CCH] and its AP(s), together with their directors, trustees, officers, employees, and agents from and against any and all liability, loss, expense, damage, or claim for injury or damages arising out of or relating to its performance of [the Contract] and including without limitation any injury or damage caused by or resulting from the negligent acts or omissions of [Focus One] including their directors, trustees, officers, employees or agents." See Contract, Section 16.3.

12.     In early 2019, CCH contacted Focus One under the Contract to fill a temporary CNA vacancy. See *Elsner v. Campbell Cnty. Hosp. Dist.*, 2025 WY 37, 566 P.3d 894, 900 (Wyo. 2025), attached as **Exhibit "C."**

13.     Focus One provided Crystal Nelisse to fill the position. See *Id*.

14.     CCH was eventually sued in June 2021 for physical and emotional abuse of one of the residents of CCH, which was perpetrated by Ms. Nelisse. See *Id* and **Exhibit "A."**

15. CCH is a UMIA insured and, UMIA defended CCH in the Wilkey Litigation under Policy No. WY920035 attached as **Exhibit "E"** ("the Policy").

16. At the beginning of the Wilkey Litigation, in accordance with its obligations under the Contract, CCH reached out to Focus One to demand that Focus One defend and indemnify CCH for claims brought against CCH in the Wilkey Litigation. See undersigned counsel's November 14, 2022 letter ("The Tender Letter") to Focus One, attached as **Exhibit "F."**

17. Focus One never undertook the defense and indemnity of CCH pursuant to the Tender Letter.

18. After the Wyoming Supreme Court decision in *Elsner*, UMIA paid the entire judgment for its insured, CCH. See Affidavit of Erin Barkley, attached as **Exhibit "G."**

19. After the jury verdict and the Wyoming Supreme Court's *Elsner* decision, UMIA again made demand upon Focus One to pay the portion of the verdict attributable to Nelisse's fault. See Mark Malloy's April 29, 2025 demand letter to Focus One, attached as **Exhibit "H."**

20. Focus One took no action in response to Mr. Malloy's demand.

21. UMIA now brings this suit to obtain a judicial determination of its right to be reimbursed under the Policy and, according to the defense and indemnity clauses of the Contract between Focus One and CCH, the jury verdict, and the Wyoming Supreme Court *Elsner* decision in the underlying Wilkey Litigation, and to obtain a judgment for the amounts owed and other remedies set forth below in this Complaint.

22. This Court has the authority to declare the rights and obligations of the parties under the terms and provisions of the Contract at issue in this lawsuit, pursuant to 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

## COUNT I – DECLARATORY JUDGMENT

23. UMIA incorporates by reference the statements set forth in the previous paragraphs.

24. The Contract provides that Focus One "shall defend, indemnify, and hold harmless [CCH] and its AP(s), together with their directors, trustees, officers, employees, and agents from and against any and all liability, loss, expense, damage, or claim for injury or damages arising out of or relating to its performance of [the Contract] and including without limitation any injury or damage caused by or resulting from the negligent acts or omissions of [Focus One] including their directors, trustees, officers, employees or agents." See Contract, Section 16.3.

25. The judgment entered against CCH in the Wilkey Litigation arose in part out of Nelisse's conduct, and Focus One's performance of the Contract, and therefore Focus One was required under the Contract to defend and indemnify CCH in the Wilkey Litigation.

26. Because Focus One refused CCH's timely tender of defense and indemnity, Focus One breached the Contract with CCH, and is now required to pay that portion of the costs and fees expended by UMIA, as CCH's subrogee, to defend CCH which are attributable to Nelisse and that portion of the verdict which is attributable to Nelisse.

## COUNT II – BREACH OF CONTRACT

27. UMIA incorporates by reference the statements set forth in the previous paragraphs.

28. Given the allegations in **Exhibit "A,"** Focus One was required by the Contract to provide CCH with a defense and indemnity in the Wilkey Litigation.

29. CCH timely tendered the defense of the Wilkey Litigation to Focus One, and demanded indemnity under the Contract. See **Exhibit "F."**

30. Focus One did not accept CCH's tender of defense and indemnity.

31. Focus One has explicitly breached the Contract by failing to defend and indemnify CCH in the Wilkey Litigation.

32.    UMIA, as CCH's subrogee, has been damaged by Focus One's actions, as it has paid the Wilkey Litigation judgment on behalf of CCH and incurred attorneys fees in the defense of CCH and in bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, UMIA respectfully requests a speedy hearing and a declaratory judgment from this Court pursuant to the authority set forth in F.R.C.P. 57 and 28 U.S.C. § 2201 which determines the rights and obligations of the parties under the Contract including, without limitation, the following:

(a)    A declaration that Focus One was required to defend and indemnify CCH from the claims asserted against it in the Wilkey Litigation;

(b)    That UMIA, as CCH's insurer and subrogee, be reimbursed by Focus One for $495,000.00, which is the amount UMIA paid on CCH's behalf for that portion of the judgment which related to Nelisse's fault in the Wilkey Litigation;

(c)    That UMIA be reimbursed for its pro-rata costs and attorney's fees incurred in defending CCH because of Nelisse's actions in the Wilkey Litigation, and all of its costs and attorney's fees incurred in bringing this action, all as permitted by the Contract;

(d)    That UMIA be reimbursed for post-judgment interest on that portion of the judgment in the Wilkey Litigation, which was apportioned to Nelisse's conduct, pursuant to Wyoming law; and

(e)    That UMIA be granted such other relief as the Court deems fair and proper.

DATED this 16th day of December 2025.

_/s/ Hampton K. O'Neill_

Hampton K. O'Neill (5-2876)
Mary A. Bennett (8-7452)
Welborn Sullivan Meck & Tooley, P.C.
159 N. Wolcott, Suite 220
Casper, WY 82601
(307) 234-6907
honeill@wsmtlaw.com
mbennett@wsmtlaw.com
*Counsel for UMIA Insurance, Inc.*
